### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG COLBOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4143-SAC |
| ) | |
| MORRIS COMMUNICATIONS ) | |
| COMPANY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter comes before the court for consideration of what action to take with regard to a set of confidential exhibits submitted by plaintiff.

On April 20, 2006, the court clerk's office informed the undersigned that it had received a set of confidential exhibits from plaintiff in support of his reply to defendant's response in opposition to plaintiff's motion for leave to amend (Doc. 51). As there had been no order entered by the court approving the filing of these documents under seal, the clerk's office sought guidance on what to do with the proposed exhibits.

On January 19, 2006, the court entered a protective order (Doc. 16) to govern the parties' use of confidential information produced during discovery in this matter. Paragraph 5 of that order states:

> Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal.

While the instant documents are not designated as "sealed," they were provided to the court clerk's office in conventional paper form, enclosed in an envelope, with an external cover page listing the contents of the envelope by exhibit number and stating that the envelope "Contains Confidential Information -

Subject to Protective Order." Based upon this designation, the court is doubts these documents were intended to be filed in the public record and will, therefore, not direct the clerk's office to file them in the case file for this reason.

In the more likely event that the documents are intended to be filed under seal, the court finds that the plaintiff has not followed the proper procedure for seeking the court's permission to file a document under seal. As such, the court hereby directs that the documents shall be returned to the plaintiff and not filed in the case at this time. Plaintiff may then, should he deem it necessary, either follow the proper procedure to request the court's permission to file the documents under seal or resubmit the documents to the court with a clear indication that the documents are intended to be filed in the public record of the case.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2006, at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge